UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Tonya M. Alexandrowski,                                    Case No. 3:20-cv-2302

    Plaintiff,

  v.                                                      MEMORANDUM OPINION
                                                           AND ORDER

Commissioner of Social Security,

    Defendant.

## I.  INTRODUCTION

Before me is the Report & Recommendation ("R & R") of Magistrate Judge Thomas M.

Parker.  (Doc. No. 21).  Judge Parker recommends I affirm the final decision of the Commissioner

of Social Security, denying Plaintiff Tonya M. Alexandrowski's application for Supplemental Security

Income ("SSI") under Title XVI of the Social Security Act.  (*Id.*).  Alexandrowski timely filed

objections to the R & R.  (Doc. No. 22).  The Commissioner filed a brief response "re-assert[ing] all

arguments in her brief as if fully restated."  (Doc. No. 23).

## II.  BACKGROUND

After reviewing the R & R, and hearing no objection to these sections by Lane, I hereby

incorporate and adopt, in full, the "Procedural History" and "Evidence" sections set forth in the R

& R.  (Doc. No. 18 at 1-13).

## III.  STANDARD

A district court must conduct a *de novo* review of "any part of the magistrate judge's

disposition that has been properly objected to.  The district judge may accept, reject, or modify the

recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When reviewing a determination by the Commissioner of Social Security under the Social Security Act, a district judge "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g).

"Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)); *Consol. Edison Co. of N.Y. v. N.L.R.B.*, 305 U.S. 197, 229 (1938) ("Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.").  If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); 42 U.S.C. § 405(g).

The district judge "may not reverse a decision supported by substantial evidence, even if [he] might have arrived at a different conclusion." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 391 (6th Cir. 2005).  Still, a district judge must reverse even a decision supported by substantial evidence "where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

Importantly, a district judge "cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996))

2

(alteration added by *Fleischer*).  "[T]he Court's obligation is to review the ALJ's rationale, not invent a new one or speculate as to how the ALJ might have reached her conclusion." *Freeze v. Comm'r of Soc. Sec.*, No. 18-12960, 2019 WL 4509130, at *2 (E.D. Mich. Sept. 19, 2019).

## IV.    DISCUSSION

Alexandrowski objects to Judge Parker's conclusion that the treatment records from the University of Toledo Medical Center Surgery Clinic from March 2017 through May 2017 do not contain a "medical opinion" that the ALJ was required to weigh as a treating physician medical opinion under 20 C.F.R. § 416.927.

In the R & R, Judge Parker correctly concluded that treatment records may be considered "medical opinion" if they meet certain criteria.  (Doc. No. 21 at 23 (citing *Morabito v. Berryhill*, No. 1:16CV2414, 2017 WL 3503397, at *18 n.14 (N.D. Ohio July 24, 2017), *report and recommendation adopted by* 2017 WL 3494336 (N.D. Ohio Aug. 15, 2017))).  Specifically, the records must satisfy the definition of a "medical opinion" provided by the regulations: "Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions."  20 C.F.R. § 416.927(a)(1).[1]

Judge Parker concluded the treatment records at issue did not contain a "medical opinion" in part because they do not "opine on what functional limitations were attributable to Alexandrowski's physical impairments."  (Doc. No. 21 at 23).  Alexandrowski does not dispute that the records do not address these matters but maintains that the records need not include all of the items listed in 20 C.F.R. § 416.927(a)(1) to be considered a "medical opinion."  (Doc. No. 22 at 22).  Essentially, Alexandrowski alleges the "medical opinion" criteria is satisfied because the records do

---

[1] Judge Parker correctly concluded that because Alexandrowski's application for benefits was filed before March 27, 2017, 20 C.F.R. § 416.927 applies here.  (Doc. No. 21 at 22 n.4).

include a "diagnosis and prognosis," stating that her "radiculopathy is long standing it is not likely to improve, even if the nerve is decompressed." (Doc. No. 14 at 684). But this is not sufficient.

To be considered a "medical opinion" under 20 C.F.R. § 416.927(a)(1), the records must address the "specific extent of [her] limitations" caused by her impairment. *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 651 n.3 (6th Cir. 2009). Without this, the source's "judgment about the nature and severity of [Alexandrowski's] impairment" at the time of treatment remains unknown, and the bare prognosis that her condition is "not likely to improve" means nothing. Therefore, because the treatment records do not include any indication of Alexandrowski's functional limitations attributable to her impairment, they do not contain a "medical opinion" and need not be weighed as such. *See also Montecalvo v. Comm'r of Soc. Sec.*, 695 F. App'x 124, 128 (6th Cir. 2017) ("[T]he letters are not medical opinions because they do not discuss functional limitations, *see* 20 C.F.R. § 404.1527(a)(2), and are therefore not entitled to deference by the ALJ.").

## V.  CONCLUSION

For the foregoing reasons, I overrule Alexandrowski's objection and adopt Judge Parker's R & R. The Commissioner's decision is affirmed, and this case is dismissed.


So Ordered.

                                        s/ Jeffrey J. Helmick
                                        United States District Judge